UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                             )
EDWARD RIZZO d/b/a R&R       )
FIFTH REALTY,                )
          Plaintiff          )
                             )
     v.                      )    M.B.D. No. 10-10114-NMG
                             )
DAVID KOPLOW,                )
          Defendant          )
_____)
```

MEMORANDUM AND ORDER

Seven years ago, this Court entered an order stating, among other things, that "David L. Koplow be precluded from filing . . . . . . without first obtaining the prior written approval of the Miscellaneous Business Docket Judge of the United States District Court for the District of Massachusetts."  3/13/03 Order, Docket No. 90 Koplow v. Dana, et al, 01-10868-DPW; 3/13/03 Order, Docket No. 11, Koplow v. William, et al, 03-10061-DPW.

Now before the Court are 1) an ex parte application of the Defendant, David Koplow ("Koplow"), for permission to remove to this Court an action currently pending before the Appellate Division of the District Court Department of the Commonwealth of Massachusetts, Suffolk County, Appellate Division Case No. 10-ADMS-30006 which relates to a summary process action brought against Koplow in the Massachusetts District Court and 2) a motion ("application") for a temporary restraining order to stay Kaplow's eviction from his premises.

The <u>ex parte</u> application and the motion for a temporary restraining order will be denied and this Miscellaneous Business Docket case will be dismissed on the grounds that:

1) Koplow's attempt to remove the summary process action pending in state court is frivolous and another example of the vexatious cases filed by Mr. Koplow before 2003 which resulted in the Order of this Court to preclude him from filing any such additional cases without first obtaining the prior written approval of the Miscellaneous Business Docket Judge of this Court; and

2) Koplow's claim that this Court somehow has subject matter jurisdiction over his state court eviction case pursuant to the federal Fair Housing Act, 42 U.S.C. §§3601-3619 is entirely without merit.

Accordingly, it is hereby ordered:

A. The ex parte application of David Koplow for permission to remove the subject state court action to this Court is **DENIED**;

B. Kaplow's motion for a temporary restraining order is **DENIED**; and

C. The pending Miscellaneous Business Docket Case No. 10-10114-NMG is **DISMISSED**.

**So Ordered:**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: April 12, 2010